UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL TEKLEMARIAM HAGOS,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>KING COUNTY CORRECTIONAL<br>FACILITY JAIL HEALTH SERVICES, *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. C22-499-JCC-SKV<br><br>REPORT AND RECOMMENDATION |

### I.　　INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Daniel Hagos filed this action while he was confined at the King County Correctional Facility ("KCCF") challenging the conditions of his confinement at the facility.  Plaintiff has since been released from custody.  This matter is now before the Court for the purpose of screening Plaintiff's amended prisoner civil rights complaint.  Also before the Court is Plaintiff's pending motion for appointment of counsel.  The Court, having now reviewed Plaintiff's amended complaint, and the balance of the record, concludes that Plaintiff has not stated a cognizable

REPORT AND RECOMMENDATION
PAGE - 1

claim for relief in this action. The Court therefore recommends that Plaintiff's amended complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii). The Court further recommends that Plaintiff's motion for appointment of counsel be denied as moot.

## II.    BACKGROUND

Plaintiff submitted his original complaint to the Court for filing on April 8, 2022. *See* Dkt. 1. Plaintiff alleged in the first count of his complaint that the KCCF Jail Health Staff violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed to provide adequate medical care for a leg injury Plaintiff sustained while in KCCF custody. Dkt. 8 at 4-5. Plaintiff alleged in his second count that an unidentified member of the Jail Health Staff acted negligently when she declined to give Plaintiff medication which could help prevent leg pain, and that an unidentified corrections officer acted negligently when he failed to adequately respond to Plaintiff's concerns about not receiving his medication from the medical provider. *Id*. at 6-7.

Plaintiff alleged in the third count of his complaint that his rights under the Washington State Constitution, and under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, were violated when King County officials and the Jail Heath Staff deprived him of recommended treatment and/or denied him access to medical personnel capable of evaluating the need for treatment. *Id*. at 7-8. Plaintiff included in his third count an allegation that KCCF stole cell phones, shoes, and hats out of his property without having him sign a property release form. *Id*. at 8.

Plaintiff identified as Defendants in his complaint the KCCF Jail Health Staff and Property Room, as well as an unnamed corrections officer. *See id*. at 1, 3. Plaintiff requested relief in the form of $9 million in damages, a no-contact order with the unnamed corrections officer, and a federal prison sentence for the unnamed Jail Health Staff worker who allegedly refused to give Plaintiff his medication. *Id*. at 9.

After reviewing Plaintiff's complaint, this Court concluded that Plaintiff had not named a viable Defendant in his complaint nor had he stated any viable claim for relief. Thus, on June 7, 2022, the Court issued an Order declining to serve Plaintiff's complaint and granting him leave to file an amended complaint. Dkt. 9. The Court identified in its Order the deficiencies Plaintiff would need to correct if he wished to proceed with this action. *See id*. The Court first noted that the KCCF Jail Health Staff was not a proper Defendant under § 1983. *Id*. at 4. The Court explained that if Plaintiff wished to pursue claims challenging the adequacy of the medical care he received from the Jail Health Staff, he would have to identify by name the member(s) of the staff whom he believed provided deficient care, and he would have to allege clear and specific facts demonstrating that each named individual engaged in conduct implicating federal constitutional concerns. *Id*. The Court also explained that the KCCF was likewise not a proper defendant and that Plaintiff could pursue a claim against King County itself, but this would require that he identify the County as a defendant and identify the County custom or policy that caused him harm. *See id*. at 4 n.1.

The Court next observed that the facts alleged by Plaintiff pertaining to the adequacy of the health care provided him at KCCF were insufficient to support the claimed Eighth Amendment violation, and the Court set forth the standard Plaintiff would have to meet in order

REPORT AND RECOMMENDATION
PAGE - 3

to adequately state an Eighth Amendment claim. *See id*. at 4-5. Similarly, with respect to Plaintiff's equal protection claim, the Court advised Plaintiff that he had not alleged facts sufficient to state an equal protection claim and, again, identified the standard Plaintiff would have to meet to state such a claim. *Id*. at 5. The Court also advised Plaintiff that the KCCF Property Room, like the Jail Health Staff, was not a proper Defendant in this action, and that any claim pertaining to the alleged loss of his personal property was not cognizable under § 1983. *Id*. at 5-6. Finally, the Court noted that Plaintiff's requests for a no-contact order with an unidentified corrections officer and for a federal prison sentence for an unidentified health care provider were beyond the scope of what Plaintiff could be awarded in an action brought under § 1983. *Id*. at 6.

Plaintiff was granted leave to file an amended complaint within thirty days, and his amended complaint was received for filing on June 16, 2022. Dkt. 10. In his amended complaint, Plaintiff once again alleges violations of his rights under the Equal Protection Clause of the Fourteenth Amendment and under the Eighth Amendment, apparently related to the medical care provided him at KCCF. *See id*. at 4-8. Plaintiff identifies KCCF Jail Health Services as the lone Defendant in his amended pleading, and he requests monetary damages in the amount of $15 million. *Id*. at 1, 3, 9.

### III.  DISCUSSION

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiff's amended pleading fails to correct any of the deficiencies identified by this Court in its prior order. Plaintiff identifies KCCF Jail Health Services as the lone Defendant in his amended complaint. However, as noted above, Plaintiff was specifically advised in the Court's Order declining to serve his original complaint that KCCF, as an entity of King County, is not a proper defendant in this action. *See* Dkt. 9 at 4 n.1. KCCF Jail Health Services is likewise an entity of King County and is therefore not a proper defendant either. Though the Court explained in its prior Order that there were potentially viable defendants against whom Plaintiff could pursue his claims, including individual members of the Jail Health Services staff and/or King County, Plaintiff did not name any such defendants in his amended complaint.

In addition to his failure to identify a viable defendant in his amended pleading, Plaintiff also fails to allege therein any facts in support of either his Fourteenth Amendment equal protection claim or his Eighth Amendment denial of medical care claim. Plaintiff, instead, discusses various standards applicable to claims brought under § 1983, with citations to authority, while making no mention of the specific conduct which gives rise to his two asserted constitutional claims. Plaintiff's failure to allege clear and specific facts demonstrating that he suffered some violation of his Eighth and/or Fourteenth Amendment rights is fatal to his constitutional claims.

## IV.    CONCLUSION

Because Plaintiff fails to identify in his amended pleading any viable defendant or any viable claim for relief, this Court recommends that Plaintiff's amended complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. This Court

REPORT AND RECOMMENDATION
PAGE - 6

further recommends that Plaintiff's pending motion for appointment of counsel be denied as moot. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 5, 2022**.

DATED this 14th day of July, 2022.

S. KATE VAUGHAN
United States Magistrate Judge